UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM LYNN RYAN | CIVIL ACTION |
| VERSUS | NO. 12-1266 |
| DEPUTY PHILIPS, DEPUTY STRAIN, WARDEN | MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

Before the Court is a **Motion to Amend (Rec. Doc. No. 24)** filed by the *pro se* plaintiff, William Lynn Ryan, in which he seeks leave to amend his 42 U.S.C. § 1983 complaint to include "emotional distress, mental anguish and punitive damages and or compensatory damages."[1]

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." *Id*. This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5the Cir. 1998). However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.,*

---

[1] Rec. Doc. No. 24.

650 F.2d 663, 666 (5th Cir. 1981).  The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court.  *Id.*

In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."  *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).  Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

Furthermore, leave to amend under Rule 15(a) must be construed in conjunction with Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Fifth Circuit has held that "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.  Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."  *S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  This necessary examination renders the Rule 15 inquiry "secondary."  *Id.* at 536, n.4.

To demonstrate good cause, the movant must show that "the deadlines cannot be reasonably met despite the diligence of the party needing the extensions." *Id.* at 535.  The court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536.

In this case, the Court held a scheduling conference on September 17, 2012, in which Ryan participated by conference telephone. The Court's Scheduling Order entered into the record on October 2, 2012, directs that "Amendments to pleadings . . . shall be filed no later than 30 days from the date of this Preliminary Conference."[2] A copy of the Scheduling Order was provided to the plaintiff by the clerk of court.

The Court's Scheduling Order, therefore, required that any amendment be submitted to the Court one or before October 17, 2012. Ryan's motion to amend is dated December 4, 2012, which was 105 days after the conference and 77 days after the Court's Scheduling Order was entered.

Ryan's motion to amend is not timely filed. Ryan has not offered any cause, much less good cause, for his failure to comply with the scheduling deadline. The Court also notes that, during the hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), held on June 14, 2012, Ryan indicated his intent to seek damages for his claimed injuries.[3] The testimony and information received at the hearing is treated as a an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991). His proposed amendment, therefore, is cumulative of the record. Accordingly,

**IT IS ORDERED** that Ryan's **Motion to Amend (Rec. Doc. No. 24) is DENIED**.

New Orleans, Louisiana this   19th   day of December, 2012.

  _____
  **KAREN WELLS ROBY**
  **UNITED STATES MAGISTRATE JUDGE**

---

[2] Rec. Doc. No. 18.

[3] Rec. Doc. Nos. 9, 12 p.4.