UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM LYNN RYAN | CIVIL ACTION |
| VERSUS | NO. 12-1266 |
| DEPUTY PHILIPS, DEPUTY STRAIN, WARDEN | MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

Before the Court is a **Motion to Amend (Rec. Doc. No. 28)** filed by the *pro se* plaintiff, William Lynn Ryan, in which he seeks leave to amend his 42 U.S.C. § 1983 complaint. Ryan, however, fails to indicate the substance of what he seeks to add to his complaint or to provide a proposed amended complaint. Under a broad reading, Ryan invokes Fed. R. Civ. P. 16(b)(4) to allow him to file the unspecified and untimely amended complaint.

It is well settled that Fed. R. Civ. P. 15(a) governs the amendment of pleadings and provides that leave to amend pleadings "shall be freely given when justice so requires." As this Court has previously stated in this case, leave to amend under Rule 15(a) must be construed in conjunction with Fed. R. Civ. P. 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Fifth Circuit has held that "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C. v. South*

*Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). At that point in the litigation, the Rule 15 inquiry is "secondary." *Id.* at 536, n.4.

To demonstrate good cause, the movant must show that "the deadlines cannot be reasonably met despite the diligence of the party needing the extensions." *Id.* at 535. The court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536.

As previously explained to Ryan, a scheduling conference was held by the Court on September 17, 2012, and Ryan participated in the conference by telephone. The Court's Scheduling Order entered into the record on October 2, 2012, directs that "Amendments to pleadings . . . shall be filed no later than 30 days from the date of this Preliminary Conference." Rec. Doc. No. 18. A copy of the Scheduling Order was provided to the plaintiff by the clerk of court.

The Court's Scheduling Order, therefore, required that any amendment be submitted to the Court one or before October 17, 2012. Ryan's motion to amend is dated December 26, 2012, which over two months after the conference and well beyond the Court's scheduled deadline.

Ryan's motion to amend, his second, is not timely filed. Ryan's perfunctory motion, even when considered broadly, fails to demonstrate <u>any</u> cause, much less good cause, for his failure to comply with the scheduling deadline. He also can show no prejudice from the denial of this motion since, as the Court has already explained to him, his statements at the June 14, 2012, hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), are treated as a an amended complaint

or a more definite statement under Fed. R. Civ. P. 12(e).[1]  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).  As such, any claim or relief addressed therein is already part of the record.

Therefore, without a showing of good cause, Ryan can not benefit from the discretionary relief found under Fed. R. Civ. P. 16(b)(4).  Accordingly,

**IT IS ORDERED** that Ryan's **Motion to Amend (Rec. Doc. No. 28)** is **DENIED**.

New Orleans, Louisiana this   20th   day of February, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Rec. Doc. Nos. 9, 12 p.4.