UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM LYNN RYAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1266** |
| **DEPUTY PHILIPS, DEPUTY STRAIN, WARDEN** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is are three motions entitled, **"Need Subpoena" (Rec. Doc. No. 30)**, **"Motion for Evidence and Subpeuana [sic] Witness to Event in Medical Dept." (Rec. Doc. No. 33)**, and **"Motion to Subpeuana [sic] Plaintiff Witness" (Rec. Doc. No. 34)**, filed by the *pro se* plaintiff, William Lynn Ryan. Under a broad reading, plaintiff seeks issuance of subpoenas ad testificandum to secure the presence of certain witnesses presumably for trial and the issuance of subpoenas duces tecum to secure a video recording from the medical department on April 11, 2012, the date of the alleged events.

With regard to the subpoena intended to obtain a copy of the video tape from the medical department, Ryan has not identified to whom such a subpoena should be issued. The Court also notes that the mere fact that Ryan is *pro se* and proceeding as a pauper would not avoid the costs of serving the requested subpoena, as further discussed below, nor does it entitle him to have either the Court or the other parties or non-parties conduct his discovery or underwrite his discovery expenses.

*See Badman v. Stark*, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991).[1]  Ryan must timely present any discovery requests to the appropriate party, or non-party, in accordance with Fed. R. Civ. P. 34 and/or Fed. R. Civ. P. 45.

Further, reading the motions together, Ryan seeks to have trial subpoenas issued to "Dr. Inglaise," "Deputy Boyd," "six other deputy's [sic] that were involved," "Nurse Scarlet," "the nurse that came out and checked me afterwards on the bench in the hall," "the people in the holding tank," and eight other inmate witnesses, Ben Phiffer, Bradon Segroves, Merlin Perlin, William Shannon, Byron Holloway, Ryan Glodie, Bobbie Metsler, and Antony Tipollie, who were in C-400 at the time of the events in question.[2]

First, Ryan has not provided the names of any of the persons he believes to have been in the holding cell on April 11, 2012.  He similarly failed to provide the names of the six deputies and the nurse who treated him in the hall, all of whom he intends to have subpoenaed to trial.  He indicates briefly that the deputies' names were in a "write-up" he got on April 11, 2012, yet he does not provide the names which are apparently known or available to him.[3]  He also has failed to indicate what testimony any of these witnesses could provide and whether it would be cumulative of other testimony.  Without specific names of inmates or deputies and/or their current locations or

---

[1] In *Badman*, the court noted: "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*.  That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules."  *Badman*, 139 F.R.D. at 605 (citations omitted).  Where, as here, a plaintiff has made no provision for the costs of discovery, it is appropriate for his requests for the issuance of subpoenas duces tecum to be denied.  *Id*.

[2] Rec. Doc. Nos. 30, 33, 34.

[3] To the extent Ryan may no longer have a copy of that write-up, he does not indicate any effort to procure another copy from the prison or through discovery.

2

addresses, no subpoenas could be issued. As stated above, his failure to pursue proper discovery is not excused by his *pro se* status.

Ryan also has not provided the current locations of or prisoner numbers for any of the eight inmate witnesses he has identified by name, or at least by phonetic spelling of their names. He also has failed to indicate what testimony each of these witnesses would provide and whether the testimony of these similarly situated inmates would be cumulative of each other. Without this information, the Court can not issue subpoenas. Ryan will have to provide the necessary information before the Court can consider issuing subpoenas or assisting in having the inmates participate at trial.

Ryan further seeks subpoenas for "Dr. Inglaise," Deputy Boyd, and Nurse Scarlet. He also has not provided an address or full name for these persons. Even if the Court were inclined to issue these trial subpoenas, however, service of a trial subpoena under Fed. R. Civ. P. 45 must include the tendering of a $40 per day witness fee and estimated mileage expenses, unless the subpoena is issued on behalf of the United States or an agency thereof. Fed. R. Civ. P. 45(b)(1); 28 U.S.C. § 1821(b), (c). Although the plaintiff is proceeding as a pauper pursuant to 28 U.S.C. § 1915, the pauper statute does not authorize the court to waive the statutory witness fees required by Fed. R. Civ. P. 45 and 28 U.S.C. § 1821. *Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995); *Hodge v. Prince*, 730 F. Supp. 747 (N.D. Tx. 1990), *aff'd*, 923 F.2d 853 (5th Cir. 1991); *Jones v. Johnson*, No. 09-3666, 2010 WL 3923163, at *3 (E.D. La. Sep. 27, 2010).

In light of the foregoing, Ryan has failed to provide adequate basis for this Court to grant his motions for the issuance of subpoenas. The Court may reconsider his request should he resubmit the request with the names, addresses, and appropriate fees and estimated mileage expenses. To that

end, if any of the identified witnesses are already named defendants or are currently in the employ of the named defendants or the St. Tammany Parish Jail, the defense should facilitate their presence as witnesses at trial.  Accordingly,

**IT IS ORDERED** that Ryan's **"Need Subpoena" (Rec. Doc. No. 30)**, **"Motion for Evidence and Subpeuana [sic] Witness to Event in Medical Dept." (Rec. Doc. No. 33)**, and **"Motion to Subpeuana [sic] Plaintiff Witness" (Rec. Doc. No. 34)**, are **DENIED**.

New Orleans, Louisiana, this  20th  day of February, 2013.

                                                                       _____
                                                                       **KAREN WELLS ROBY**
                                                                       **UNITED STATES MAGISTRATE JUDGE**